IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. PARTEE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MICHAEL A. PARTEE, APPELLANT.

Filed July 23, 2024.    No. A-23-1010.

Appeal from the District Court for Lancaster County: JODI L. NELSON, Judge. Affirmed.

Abby Osborn, of Shiffermiller Law Office, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

MOORE, ARTERBURN, and WELCH, Judges.

MOORE, Judge.

## I. INTRODUCTION

Michael A. Partee appeals from his plea-based convictions in the district court for Lancaster County of possession of a controlled substance with intent to deliver and attempted possession of a firearm during commission of a felony, for which he was sentenced to two consecutive 8 to 10 year terms of imprisonment. Partee claims on appeal that the district court abused its discretion by imposing excessive sentences and that he was denied the effective assistance of trial counsel. We affirm.

## II. STATEMENT OF FACTS

On March 29, 2023, Partee was charged by information with possession of a Schedule II controlled substance with intent to deliver, possession of a Schedule IV controlled substance, two counts of possession of a firearm while in violation of Neb. Rev. Stat. § 28-416(16) (Cum. Supp. 2022), and one count of possession of money while violating § 28-416(1). Partee pled guilty to the

amended information charging him with possession of a Schedule II controlled substance with intent to deliver pursuant to § 28-416(1) and (2)(a), a Class II felony; and attempted possession of a firearm during the commission of a felony pursuant to Neb. Rev. Stat. § 28-201(4)(b) (Cum. Supp. 2022) and Neb. Rev. Stat § 28-1205(2)(c) (Reissue 2016), a Class IIA felony.

At the plea hearing held on October 6, 2023, a factual basis was recited which showed that investigators with the Lincoln, Lancaster County, Narcotics Task Force were conducting surveillance on Partee's residence. Partee had been identified as a source of Fentanyl pills which were pressed to appear to be Oxycodone pills. The investigators observed Partee, along with a female passenger, drive from the residence to a gun store. Partee's driver's license was suspended at the time. The investigators observed Partee and the passenger conduct a suspected drug deal in the parking lot before entering the gun store. While in the store, Partee purchased two handguns and ammunition. Upon exiting the store, Partee was carrying the guns and ammunition; he was taken into custody for driving on a suspended license. During the search of his person, the investigators located a chewing gum container in Partee's jacket pocket which contained 126 of the Fentanyl pills, along with 251 Alprazolam pills (a Schedule IV controlled substance), and $8,259 in U.S. currency. During a "Mirandized interview," Partee admitted to obtaining and selling thousands of Fentanyl pills in the last year and admitted that he and the passenger sold five Fentanyl pills in the parking lot of the gun store.

The district court thoroughly advised Partee of his various constitutional rights, and Partee affirmatively indicated that he understood his rights and that he was freely and voluntarily waiving his rights. Partee affirmed that his attorney had explained the charges to him, that he had told his attorney everything he knew about the case, that he was not aware of anything that could be helpful to him in the case that he had not talked with his attorney about, that he was satisfied with the job his attorney had done for him, that he believed his attorney was competent and knew what he was doing, that his attorney had not refused or neglected to do anything that Partee had asked of him, and that he had enough time to talk with his attorney about his case and did not need additional time to talk with him.

The district court found beyond a reasonable doubt that Partee fully understood his rights and freely and voluntarily waived them; that he was acting voluntarily; that he fully understood the charges set forth in the two counts of the amended information and the consequences of his pleas; that his pleas were made freely, voluntarily, knowingly, and intelligently; and that there was a sufficient factual basis for the court to accept the pleas. The court accepted the pleas and found Partee guilty beyond a reasonable doubt of the two charges.

A sentencing hearing was held on November 9, 2023. The court noted that it had reviewed the completed presentence investigation report, and it heard remarks from counsel and Partee. The court sentenced Partee to consecutive terms of 8 to 10 years' imprisonment on the two charges.

### III. ASSIGNMENTS OF ERROR

Partee assigns that the sentences imposed by the district court were excessive and that his trial counsel was ineffective in not moving to suppress his "[M]irandized interview" and in not raising mitigating factors at sentencing.

## IV. STANDARD OF REVIEW

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Woolridge-Jones*, 316 Neb. 500, 5 N.W.3d 426 (2024). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

Whether a claim of ineffective assistance of counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Npimnee*, 316 Neb. 1, 2 N.W.3d 620 (2024). In reviewing a claim of ineffective assistance of counsel on direct appeal, an appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id.*

## V. ANALYSIS

### 1. EXCESSIVE SENTENCE

Partee claims that the district court abused its discretion when it imposed excessive sentences.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024). The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.* See, also, *State v. Rogers*, 297 Neb. 265, 899 N.W.2d 626 (2017) (sentencing court is accorded very wide discretion in imposing sentence).

Partee was convicted of one count of possession of a controlled substance with intent to deliver, a Class II felony, and one count of attempted possession of a firearm during the commission of a felony, a Class IIA felony. A Class II felony is punishable by a minimum of 1 year and a maximum of 50 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). A Class IIA felony is punishable by up to 20 years' imprisonment with no minimum. See *id.* Partee's sentences of 8 to 10 years' imprisonment on each charge are within the statutory limits.

Partee nevertheless claims that the district court abused its discretion, arguing that his criminal history is minimal, he is relatively young, and he was selling drugs to feed his own addiction to pain pills. He argues that the district court improperly tied his legal purchase of firearms and ammunition to his drug crimes and wrongly concluded that he purchased guns as part of his criminal activity.

The presentence investigation report (PSI) shows that Partee was 32 years old at the time the report was prepared, he was single with two dependents, he has "some college," and he has

been unemployed since 2019. His criminal history consists of various driving offenses and includes driving on a suspended license (three times), no valid registration, improper registration on motor vehicle, and no proof of financial responsibility. On the Level of Service/Case Management Inventory, Partee scored in the overall high risk to reoffend category.

At the sentencing hearing, the district court indicated that it had reviewed the PSI. The court noted that Partee had minimal criminal history, and he had been honest about dealing drugs and his personal difficulties with controlled substances. The court noted that Partee had been very cooperative throughout the case. However, the court expressed concern about his dealing very serious drugs, and that "buying weapons and having weapons just is part and parcel to the lifestyle you were leading." After taking into consideration the statutory sentencing factors, the court found that "the risk is substantial that during any period of probation [Partee] would engage in additional criminal conduct, and I absolutely find that lesser sentences than I will impose here today would depreciate the seriousness of these crimes and promote disrespect for the law."

We find no abuse of discretion by the district court in the sentences imposed.

### 2. INEFFECTIVE ASSISTANCE OF COUNSEL

Through different counsel, Partee contends that his trial counsel provided ineffective assistance in two ways. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. German*, 316 Neb. 841, 7 N.W.3d 206 (2024).

Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *State v. Clark*, 315 Neb. 736, 1 N.W.3d 487 (2024). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *State v. German, supra*. When a claim of ineffective assistance of counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id.*

Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id.* The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id.*

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's

performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024). To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. To show prejudice from counsel's deficient performance, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. When a conviction is based upon a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading no contest. *Id.*

### (a) Failure to Move to Suppress Interview

Partee first argues that his trial counsel was ineffective in failing to move to suppress his "[M]irandized interview" by police during which he admitted to the crimes. Brief for appellant at 15. He claims that his trial counsel did not obtain the full interview, only a summary. He asserts that he cooperated with law enforcement during the interview upon a promise of leniency, which rendered his confession unreliable and subject to suppression.

The record on appeal is insufficient to address this claim. The record does not contain the police interview, if preserved. Nor does it contain any information regarding trial counsel's decision not to file a motion to suppress, or of conversations between counsel and Partee regarding the likelihood of success of such a motion.

### (b) Failure to Raise Mitigating Factors

Partee next argues that trial counsel failed to raise a number of mitigating factors at sentencing, particularly that Partee's gun purchase permit was about to expire; that the money in his possession was lawfully obtained at the bank just prior to purchasing the firearms, not from the alleged drug sale; and the length of time between the observed illegal conduct of driving on a suspended license and his arrest.

The record on appeal is sufficient to address this claim. Each of these alleged mitigating factors was contained in the PSI, which was reviewed by the district court prior to sentencing. Trial counsel argued several other mitigating factors which were considered by the district court. Trial counsel's conduct at the sentencing hearing was not deficient, and this claim fails.

### VI. CONCLUSION

The district court did not abuse its discretion in the sentence imposed and trial counsel's conduct at the sentencing hearing was not deficient. The record is insufficient to address the claim that trial counsel was deficient in failing to file a motion to suppress Partee's statements to law enforcement. Partee's convictions and sentences are affirmed.

AFFIRMED.